**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSEPH PUCKETT,**<br><br>             **Plaintiff,**<br><br>     **v.**<br><br>**CHIEF OF POLICE DYER, et al.,**<br><br>             **Defendants.** | **CV-F-05-0277 OWW DLB**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT (DOC. 15)** |

## I. INTRODUCTION

Plaintiff Joseph Puckett ("Plaintiff"), a prisoner at Fresno County Jail proceeding in propria persona, brings an action against two defendants, Fresno Chief of Police Jerry Dyer and Officer Van Dalen (collectively "Defendants"), under 42 U.S.C. § 1983. Defendants move to dismiss Plaintiff's complaint and for a more definite statement. (Doc. 15, filed May 15, 2006.) Plaintiff opposes the motions.[1] (Doc. 20, filed May 30, 2006.)

---

[1] In his opposition, Plaintiff refers to another case pending in this court involving Officer Van Dalen, *Maxey v. Van Dalen, et al.*,1:05-cv-1385 AWI LJO, and suggests that "this should be a class action." (Doc. 20-2, filed May 30, 2006, at 5:11-26.) Plaintiff has made no showing that the requirements of a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. *See* Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (holding that plaintiffs bear the burden of establishing each of the Rule 23(a) prerequisites (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.

## II. **FACTUAL AND PROCEDURAL HISTORY**

The complaint alleges that, in July of 2004, while riding his bicycle, Plaintiff was approached by Officer Van Dalen. Compl. 2.[2] Plaintiff alleges that, without provocation, the officer handcuffed him and threw him to the ground. *Id.* The officer allegedly kicked Plaintiff on his back and head while he was on the ground. *Id.* Plaintiff alleges that the officer continued to strike him as other officers arrived. *Id.* at 3.

Plaintiff alleges that Officer Van Dalen made a false report about the arrest, which stated that Plaintiff resisted arrest. *Id.* The complaint alleges that Plaintiff suffered head injuries, including a concussion, and that he continues to experience back pain and severe headaches. *Id.* Plaintiff alleges that his injuries were caused by Chief Dyer's failure to properly supervise his employees and his deliberate indifference to the patterns, practices, customs, and policies that violated Plaintiff's constitutional rights. *Id.* at 4, 6.

---

1985)). To the extent Plaintiff is moving for class certification, the motion is denied without prejudice.

[2] Part of the complaint is written on a form with its own pagination. Moreover, two pages of the complaint, those numbered 4 and 5 on the copy scanned into the court's Case Management/Electronic Case Files ("CM/ECF") system, appear to be in reverse order. The court will refer to pages of the complaint as they are automatically numbered on the copy available on CM/ECF.

### III. **STANDARD OF REVIEW**

#### A. **Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. *De La Crux v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965 (1979). The Ninth Circuit construes pro se pleadings liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The court may consider the complaint itself

along with any material properly considered as part of the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where the complaint fails to state a claim on which relief can be granted, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### B. Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure allows for a motion for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement are disfavored, but are within the court's discretion and may sometimes be appropriate. Osborne v. County of Riverside, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). "[P]roper pleading under Rule 8 requires a pleading to contain allegations of each element of the claim. If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate." 2 Moore's Federal Practice, § 12.36[1] (Matthew Bender 3d ed.).

A defendant may not use a Rule 12(e) motion to determine the legal theory upon which plaintiff plans to proceed. See, e.g., Bryson v. Bank of N.Y., 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984); Sopkin v. Mo. Nat'l Life Ins. Co., 222 F. Supp. 984, 985 (W.D. Mo. 1963) ("The failure to characterize a claim as in contract or tort is not such vagueness or ambiguity that the defendant cannot

**4**

frame a responsive pleading in an ordinary case such as this."). "[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." Thompson v. City of Shasta Lake, 314 F. Supp. 2d 1017, 1022 (E.D. Cal. 2004) (quoting McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)).

## IV.  **LEGAL ANALYSIS**

### A.  **Failure to Specify the Facts Supporting Each Cause of Action**

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because he does not allege "which constitutional right(s) were violated by which specific defendant(s) by way of which specific act(s)." Mot. 2:18-19. Plaintiff also fails to state which of the facts presented in the narrative portion of the complaint apply to which causes of action. Defendants contend that Plaintiff fails to allege specific acts that support his claims. Defendants do not contend that the facts alleged are insufficient to support any cause of action that Plaintiff brings.

A plaintiff need not specify the precise nature of a claim so long as the facts alleged provide the defendant adequate notice of a claim. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (denying motion to dismiss unfair competition cause of action, which plaintiff did not explicitly allege, where facts pled gave defendant adequate notice of such a claim). Here, Plaintiff realleges and

**5**

incorporates by reference his narrative recitation of the facts under both the first and second causes of action.

Defendants do not contend that any of the claims lack factual support as they obviously allege injury caused by Officer Van Dalen's use of excessive force under color of state law. Defendants appear to be requesting that, rather than reincorporating all of the facts, Plaintiff reiterate under each cause of action the facts on which it is based. Defendants are essentially contending that by reincorporating all the facts, Plaintiff has alleged too much under each cause of action. At this stage, Plaintiff has fulfilled the notice pleading requirements of Rule 8(a) by alleging causes of action and alleging facts that provide adequate notice of the conduct on which the causes of action rest.

**B.   References to Conduct of "City of Fresno" and "Ed Winchester"**

Defendants also contend the complaint is subject to dismissal because it refers to acts by entities that are not named defendants in this lawsuit. In the second cause of action, the complaint refers to culpable conduct by the "City of Fresno" and "Ed Winchester," and neither is listed as a defendant in this lawsuit.[3] The second cause of action also refers to culpable

---

[3]   It appears that the references to the City of Fresno, which is not a named defendant, and Ed Winchester, who is the former Fresno Chief of Police and is also not a named defendant, are the result of drafting errors by Plaintiff. This portion of the complaint appears to be an altered version of another document (an earlier complaint). It appears that in some places "Ed Winchester," or another noun, has been deleted from the typewritten text and "Dyer" or "Chief Dyer" has been written in

**6**

conduct by the "Chief of Police" and "Chief Dyer."

Defendants have not explained why the references to the "City of Fresno" and "Ed Winchester" render the second cause of action subject to dismissal with respect to Chief Dyer. Rather, despite the confusing switching of subjects, the second cause of action straightforwardly states a claim for the supervisory liability of Chief Dyer: "The acts of defendant Police Officers are the <u>direct</u> and proximate result of the deliberate indifference of defendants, City of Fresno and Dyer and their supervisory officials and employees to violations of plaintiff['s] constitutional rights." Compl. 4 (emphasis in original); *see, e.g.*, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) ("A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."); Doe v. Lebbos, 348 F.3d 820, 831 (9th Cir. 2003) ("'deliberate' or 'conscious'" failure to train or supervise supported Section 1983 action against a supervisor (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). The complaint's mention in the second cause of action of culpable acts of individuals who are not defendants is not grounds for dismissal.[4] These references are, however, properly subject to a motion to

---

by hand.

[4] Defendants contend that both the first and second causes of action allege conduct by individuals who are not named defendants. The first cause of action, however, does not mention anyone other than named defendants.

**7**

1 strike, as they are irrelevant.

### C. Motion for a More Definite Statement

In support of their motion for a more definite statement, Defendants reiterate their objection that Plaintiff fails to relate the facts in the narrative to the particular claims against Defendants.[5] Defendants do not contend, and it is not the case, that the facts alleged are so ambiguous that Defendants cannot ascertain the nature of the claim being asserted and so cannot frame a responsive pleading.

Defendants again argue that the complaint improperly refers to conduct of individuals who are not defendants in this lawsuit. Defendants urge that they cannot frame a responsive pleading if they cannot discern which Defendants are being sued, under which causes of action they are being sued, and which acts give rise to these claims. However, the first cause of action plainly refers to the conduct of both Defendants, the only two named in the caption of the complaint. The second cause of action is explicitly brought against Chief Dyer. While the complaint's mentions of the City of Fresno and Ed Winchester potentially create ambiguity as to whether they are also defendants, these references do not impair the moving parties' ability to frame a

---

[5] It appears that pages 4 and 5 of the complaint have been scanned into CM/ECF in reverse order. The failure of Plaintiff to number each page of the complaint exacerbates this problem. This error may have contributed to Defendants' confusion regarding the complaint. Plaintiff is directed to ensure that all documents he files with the court comply with Local Rule 7-130(d): "Each page shall be numbered consecutively at the bottom and shall provide a brief description of the document on the same line."

**8**

responsive pleading.

Defendants argue that Plaintiff should be directed to amend his complaint to specify the date of the alleged events, rather than merely stating that they happened in "July of 2004." Compl. 2. In *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940 (E.D. Cal. 1981), Judge Karlton discussed the merits of granting the plaintiff's motion for a more definite statement of defendant's counterclaim and ordering that the counterclaim specify key dates on which alleged conduct occurred. *Id.* at 949. The plaintiff contended that this information was necessary to enable it to determine whether to plead a statute of limitations defense. *Id.* Judge Karlton held that Rule 8(e) does not require pleading with such specificity. *Id.* Rather, the date of alleged misconduct "is exactly the sort of information which should be obtained through the discovery process." *Id.; see also* William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure before Trial* 9:358 (2006).

In this case, Plaintiff has sued only two individual Defendants. Defendants have the means of determining on which day in July of 2004 the alleged conduct occurred, as the date of arrest is a matter of public record. If public records do not sufficiently inform Defendants on this point, they may simply issue an interrogatory seeking this information or may ask Plaintiff to elaborate in a deposition as to the date and time of the incident. The absence of a specific date does not impair Defendants' ability to frame a responsive pleading, and so is not grounds for granting a motion for a more definite statement.

**V.   <u>CONCLUSION</u>**

For the reasons set forth above, Defendants' motion to dismiss (Doc. 15) is **DENIED** and Defendants' motion for more definite statement (Doc. 15) is **DENIED.**

**SO ORDERED.**

**Dated: July 27, 2006**

                                                       **/s/ OLIVER W. WANGER**
                                                       _____
                                                           **Oliver W. Wanger**
                                              **UNITED STATES DISTRICT JUDGE**