# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH PUCKETT, | ) | 1:05cv0277 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' EX PARTE REQUEST TO EXTEND DISCOVERY DEADLINE |
| v. | ) | (Document 33) |
| | ) | |
| CHIEF OF POLICE DYER, OFFICER VAN HALEN, | ) | ORDER GRANTING MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION |
| | ) | (Document 35) |
| | ) | |
| Defendants. | ) | |

Defendants Jerry Dyer and Officer Van Dalen[1] ("Defendants") filed an ex parte request to extend the discovery deadline on June 28, 2007, and the request was set for hearing on August 10, 2007. On July 9, 2007, Defendants filed a motion to compel Plaintiff Joseph Puckett ("Plaintiff") to submit to an independent medical examination ("IME"). Pursuant to Local Rule 78-230(h), the Court deemed the matters suitable for decision without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint pursuant to 42 U.S.C. § 1983 on February 24, 2005. Plaintiff alleges that in July 2004, he was on a street corner on his bike. He alleges that Officer Van Dalen harassed him for no reason and threw him to the dirt. Officer Van Dalen kicked him in the back and head while he was on the

---

[1] Although the complaint names Officer Van Halen, it appears that the correct spelling is Van Dalen.

1

1  ground.  He alleges that the officer continued to strike him and use excessive force, causing
2  numerous physical injuries, including a concussion.  Plaintiff was eventually handcuffed.
3  According to Plaintiff, Officer Van Dalen lied by reporting that Plaintiff resisted arrest.  Plaintiff
4  contends that on the way to police headquarters, Officer Van Dalen bragged about beating
5  Plaintiff and said, "you know how we do it, I alway [sic] do this, this is the fun part of my job, by
6  beating nigger up and getting away with it."
7  　　　Plaintiff alleges that he was having bad headaches and lost consciousness at the police
8  station.  He was treated at Valley Medical Center and University Medical Center, and alleges that
9  he continues to suffer from back pain and chronic headaches, and has to take medication for his
10  injuries.
11  　　　Defendants answered the Complaint on August 4, 2006.
12  　　　On March 30, 2007, the Court issued a discovery scheduling order that set the discovery
13  deadline as August 1, 2007.  The order further provided that Local Rule 37-251 would not apply
14  unless otherwise ordered and that extensions of time would be granted only for good cause.
15  　　　On June 28, 2007, Defendants filed an ex parte request to extend the discovery deadline
16  to allow for Plaintiff's IME.
17  　　　On July 9, 2007, Defendants filed a motion to compel Plaintiff to submit to an IME to be
18  conducted on September 6, 2007, by Kurt Miller, M.D.
19  　　　Plaintiff did not respond to either motion or otherwise contact the Court.
20  **DISCUSSION**
21  A.　　Ex Parte Request to Extend Discovery Deadline
22  　　　Defendants seek to extend the discovery deadline to allow for Plaintiff's IME, which is
23  currently scheduled for September 6, 2007.  Defendants contend that this is the only time
24  available for examiner Kurt V. Miller, M.D., to conduct the examination.
25  　　　Defendants attempted to contact Plaintiff by phone but were unable to reach him.
26  　　　Good cause having been shown, Defendants ex parte request to extend the discovery
27  deadline is GRANTED for the sole purpose of conducting Plaintiff's IME, currently scheduled
28  for September 6, 2007, at 2:15 p.m.

B.    Motion to Compel IME

Federal Rule of Civil Procedure Rule 35(a) provides, in relevant part:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Accordingly, to justify a mental examination under Rule 35, Defendants must demonstrate (a) that Plaintiff has placed his mental condition "in controversy," and (b) "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104 (1964). "Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove his claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. See Turner v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D.Cal.1995) (ongoing emotional distress); Schlagenhauf, 379 U.S. at 118-119 (availability by other means).

Here, Plaintiff has placed his mental condition in controversy by alleging that he suffered injuries from the July 2004 incident. In his response to Special Interrogatory No. 1, Plaintiff indicated that he has head, neck and back problems as a result of the incident. He also indicated that he has ongoing headaches and pain. Exhibit A, attached to Declaration of Rosemary T. McGuire ("McGuire Dec.").

Defendants sent Plaintiff a letter asking him to agree to a date and time for the IME. The letter also requested that Plaintiff sign authorizations for release of medical records. Plaintiff responded that he would not sign the authorizations and did not respond to the IME request. Exhibits D and E, attached to McGuire Dec. Defendants' motion to compel Plaintiff to sign the medical authorizations is scheduled for hearing on August 17.

Defendants state that the examination will be two to three hours and will consist of an oral examination as well as a non-invasive physical examination. Defendants further ask that

3

1  Plaintiff be ordered to fill out and return the Patient Information and Pre-Registration form to Dr.
2  Miller prior this appointment.
3        Based on the above, the Court GRANTS Defendants' motion to compel.  Plaintiff is
4  ORDERED to appear for an IME on September 6, 2007, at 2:15 p.m., or another mutually
5  acceptable date.  Plaintiff is further ORDERED to submit all requires pre-appointment
6  paperwork to Dr. Miller.
7        Failure to comply with this order will result in further sanctions, including possible
8  dismissal of this action.

10       IT IS SO ORDERED.
11       Dated:   **August 13, 2007**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE