# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH PUCKETT, | ) | 1:05cv0277 OWW DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| Plaintiff, | ) | MOTION TO COMPEL PLAINTIFF TO SIGN |
| | ) | AUTHORIZATION TO RELEASE RECORDS |
| v. | ) | |
| | ) | (Document 37) |
| CHIEF OF POLICE DYER, | ) | |
| OFFICER VAN HALEN, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Jerry Dyer and Officer Van Dalen[1] ("Defendants") filed the motion to compel Plaintiff Joseph Puckett ("Plaintiff") to sign authorizations to release records. The matter was heard on August 24, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Erica Camarena appeared on behalf of Defendants. Plaintiff did not make an appearance.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint pursuant to 42 U.S.C. § 1983 on February 24, 2005. He alleges claims based upon a July 2004 incident, and alleges that he continues to suffer from back pain and chronic headaches.

Defendants answered the Complaint on August 4, 2006.

On July 13, 2007, Defendants filed the instant motion to compel Plaintiff to sign

---

[1] Although the complaint names Officer Van Halen, it appears that the correct spelling is Van Dalen.

1

authorizations for the release of records from the Social Security Administration ("SSA"), Employment Development Department ("EDD") and the California Department of Corrections ("CDC").  After the agencies refused to respond to the subpoenas, Defendants sent Plaintiff two letters requesting that he sign attached authorizations of release.  In a written response, Plaintiff indicated that he would not sign the authorizations and that the only relevant medical records are those from July 2004.

Plaintiff filed an opposition on August 14, 2007, and agreed to sign authorizations to release records from the EDD and CDC.  He continues to oppose disclosure of records from the SSA.  On August 20, 2007, Defendants confirmed that an agreement had been reached as to the EDD and CDC authorizations and that only the SSA authorization remains at issue.

**DISCOVERY AT ISSUE**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Defendants seek to compel Plaintiff to sign authorizations to release records from the SSA..  On February 6, 2007, Defense counsel issued a subpoena to the SSA seeking "any and all records pertaining" to Plaintiff.  Exhibit A, attached to Declaration of Erica M. Camarena ("Camarena Dec.").[2]  On February 21, 2007, SSA indicated that it could not release any records without Plaintiff's written consent.

Defendants contend that SSA records are necessary because Plaintiff testified at his deposition that he was not employed and was receiving "SSI" because he is "bipolar and schizophrenic."  Exhibit E, attached to Camarena Dec.  Defendants point out that they are unable to obtain this information absent Plaintiff's consent and will incur the expense of obtaining the information themselves.

---

[2] Defendants concede that the issued subpoena was broad and agree to narrow the subject matter when requesting the information pursuant to Plaintiff's signed authorization.

1    Plaintiff opposes the discovery because he believes that his social security records should
2 not be at issue. However, given Plaintiff's deposition testimony and the claims he asserts in this
3 action, it is likely that SSA records contain relevant information. The Court recognizes, though,
4 that the records may contain private, confidential information.
5    Therefore, the Court GRANTS Defendants' request and ORDERS Plaintiff to sign the
6 SSA authorization to release medical records and return it to Defendants' counsel within ten (10)
7 days of the date of service of this order.
8    The Court further ORDERS that the documents received from the SSA be subject to a
9 PROTECTIVE ORDER prohibiting disclosure to anyone other than Defendants' counsel and
10 experts. Failure to abide by these terms will result in sanctions.
11    Additionally, pursuant to the parties' agreement, Defendants SHALL leave funds to cover
12 Plaintiff's transportation to the Independent Medical Examinations at the physicians' offices for
13 Plaintiff to receive upon completion of the examinations.
14    IT IS SO ORDERED.
15    **Dated:   August 27, 2007**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE