Rosemary T. McGuire, Esq.   Bar No. 172549
Erica M. Camarena, Esq.      Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California   93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendant, JERRY DYER CHIEF OF POLICE and OFFICER VAN DALEN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHIEF OF POLICE DYER, OFFICER VAN HALEN,<br><br>　　　　Defendants.<br>_____ | CASE NO.  1:05 CV 0277 LJO DLB<br><br>**PROTECTIVE ORDER REGARDING THE RELEASE OF PLAINTIFF'S RECORDS FROM THE SOCIAL SECURITY ADMINISTRATION**<br><br><br><br>Complaint Filed: 02/24/2005<br>Trial Date:   TBA |

WHEREAS, the Court has ordered plaintiff to sign the authorization to release records from the Social Security Administration, and

WHEREAS, the plaintiff and City of Fresno believe, in good faith, that these documents requested contains information that is: (a) confidential, sensitive, or potentially invasive of an plaintiff's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

　　　　A.　　Social Security Number;

　　　　B.　　Identifying information (includes date and place of birth, parents' names;

　　　　C.　　Monthly Supplemental Security Income payment amount;

---
Proposed Protective Order re: Social Security Records

D.   Information about Social Security benefits/payments plaintiff received;

E.   Information about Medicare claims/coverage;

F.   Medical Records; and

G.   Records from the file.

IT IS HEREBY ORDERED, that those portions of the documents described above may be designated as "Confidential" and produced subject to the following Protective Order:

1.   The disclosed documents shall be used solely in connection with the federal civil case of <u>Joseph Puckett v. Police Chief Dyer and Officer Van Halen</u>, Case No. CIV-05-0277 OWW DLB, and in the preparation and trial of this case. Plaintiff is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial in this matter.

2.   A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential Material Subject to Protective Order." If any Confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked Confidential in a manner agreed upon by the disclosing and requesting parties.

3.   Documents or materials designated under this Protective Order as Confidential may only be disclosed to the following persons:

   a)   Counsel for Plaintiff, Joseph Puckett, in pro per;

   b)   Counsel for the Defendants, Rosemary T. McGuire with the Law Firm of Weakley, Ratliff, Arendt & McGuire, LLP.

   c)   Attorney, paralegal, clerical, and secretarial personnel regularly employed by counsel Rosemary T. McGuire;

   d)   Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   e)   Any expert or consultant retained in connection with this action.

    f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

  4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3(d), each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiff and defense counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  Defendants will advise plaintiff of the names and addresses of all individual(s) they wish to provide Confidential documents to.  Subject to each individual's signature acknowledging that they have read, understand and agree to this Stipulated Protective Order, the plaintiff will produce to defendants, at their expense, a copy of the documents designated as described above.

  5. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

  "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

  6. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

  7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party.  Until the matter is

resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. **Copies of Confidential Documents**

Copies of confidential documents will be handled in the following manner:

a) Defense counsel shall receive only one copy of the "Confidential" documents from the Social Security Administration.

b) Defense counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in these confidential documents to anyone.

c) If for a justifiable reason, defense counsel in good faith reasonably believes she needs an additional copy or copies for preparation of her clients' case, including any copies for court filings, she shall make a written request to plaintiff pro per or plaintiff's attorney of the specific number of copies of documents marked "Confidential" she seeks for production.  Upon agreement with plaintiff pro per or plaintiff's counsel, copies of the documents will be made by defense counsel, pursuant to the procedures of this Protective Order.

d) Defendants shall be billed for the copying of the Confidential documents at the City of Fresno's cost.  Should plaintiff also seek a copy of these Confidential documents, plaintiff will be billed at the City of Fresno's cost.

e) Defendants shall maintain Confidential information with a red marking labeled "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER".

f) If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order.  Only

individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9. Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly:

(a) inform opposing counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and

(b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11. At the conclusion of this litigation, all documents, in whatever form stored, containing "Confidential" information will remain Confidential, and if filed with the Court, shall remain under seal.  All parties also ensure that all persons to whom "Confidential" documents were disclosed shall be returned to counsel for the producing party.  The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be destroyed

12. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

13. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

14. No later than 45 days of receiving notice of the entry of an order, judgment, or decree terminating this entire action, all persons having received protected information shall destroy all Confidential documents                         .

Respectfully submitted,

DATED: August 31, 2007                WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP


                                     By:   /s/ Erica M. Camarena
                                           Erica M. Camarena,
                                           Attorneys for Defendant the City of Fresno



IT IS SO ORDERED.

Dated:   **September 4, 2007**                _____/s/ **Dennis L. Beck**_____
                                              UNITED STATES MAGISTRATE JUDGE

---

Proposed Protective Order re: Social Security Records        6