1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,                                )<br>                                                            )<br>                                                            )<br>                       Plaintiff,                    )<br>                                                            )<br>            v.                                               )<br>                                                            )<br>CHIEF OF POLICE DYER,             )<br>OFFICER VAN HALEN,                    )<br>                                                            )<br>                                                            )<br>                       Defendants.               )<br>_____)  | 1:05cv0277 LJO DLB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SANCTIONS IN PART<br><br>ORDER DENYING DEFENDANTS'<br>REQUEST TO EXTEND DISPOSITIVE<br>MOTION FILING DEADLINE<br><br>(Document 57) |

        Defendants Jerry Dyer and Officer Van Dalen[1] ("Defendants") filed the instant motion for

sanctions against Plaintiff Joseph Puckett ("Plaintiff") on September 27, 2007.  The matter was

heard on November 2, 2007, before the Honorable Dennis L. Beck, United States Magistrate

Judge.  Erica Camarena appeared on behalf of Defendants.  Plaintiff is appearing pro se and

appeared on his own behalf.

### FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint

pursuant to 42 U.S.C. § 1983 on February 24, 2005.  He alleges claims of harassment and

excessive force based upon a July 2004 incident.  Plaintiff further alleges that he continues to

suffer from back pain and chronic headaches and has to take medication for his injuries.

_____

        [1] Although the complaint names Officer Van Halen, it appears that the correct spelling is Van Dalen.

1    Defendants filed their answer on August 4, 2006.

2    On March 30, 2007, the Court issued a scheduling order that set the discovery deadline as

3    August 1, 2007.  The order further provided that Local Rule 37-251 would not apply unless

4    otherwise ordered and that extensions of time would be granted only for good cause.

5    On August 14, 2007, the Court granted Defendants' motion to compel an Independent

6    Medical Examination ("IME") of Plaintiff and ordered him to appear for an IME on September 6,

7    2007.  The Court warned that failure to comply with the order would result in further sanctions,

8    including possible dismissal of the action.  The Court also extended the discovery deadline for

9    the sole purpose of conducting Plaintiff's IME.

10   On August 29, 2007, the Court granted Defendants' motion to compel Plaintiff to sign an

11   authorization to release records from the Social Security Administration ("SSA").  Plaintiff was

12   ordered to return the authorization to Plaintiff within ten (10) days of the date of service of the

13   order.  On September 4, 2007, the Court signed a Protective Order regarding the confidentiality

14   of Plaintiff's SSA records.

15   On September 27, 2007, Defendants filed the instant motion for sanctions based on

16   Plaintiff's failure to appear at the September 6, 2007, IME and his failure to return the SSA

17   authorization.  Defendants filed a supplement to their motion on October 5, 2007.

18   On October 30, 2007, Plaintiff filed a "motion for protective order" and "motion for relief

19   from judgment."  These filings appear to contain Plaintiff's arguments in opposition of

20   Defendants' motion for sanctions.

21                                   **DISCUSSION**

22   Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2),

23   which allows the Court to impose sanctions against a party who fails to cooperate in discovery.

24   Their request is based upon Plaintiff's failure to appear at the Court-ordered IME with Dr. Kurt

25   Miller on September 6, 2007.  Plaintiff did not call Dr. Miller's office or contact defense counsel.

26   Defendants lost a $940 non-refundable deposit as a result.  Declaration of Erica M. Camarena, ¶¶

27   1-4.

28

1    Plaintiff has also failed to return the signed authorization despite attempts to contact him.

2    Although Plaintiff returned a phone message from counsel's secretary, when asked if she could

3    pick up the signed authorization, Plaintiff stated that he was "still asleep and would call [] back

4    when he woke up."  He did not return the call or subsequent messages.  Declaration of Juliette

5    Sierra, ¶¶ 2-5.

6    In their supplemental brief, Defendants also contend that Plaintiff was uncooperative

7    during his psychological IME with Harold Seymour, Ph.D., conducted on September 14, 2007.

8    Plaintiff arrived 20 minutes late and was generally uncooperative.  He refused to provide specific

9    information about his criminal history, other than saying he has not been to jail in a while but that

10   he was a "born suspect" and had been arrested on 90-100 occasions.  Declaration of Harold

11   Seymour, Ph.D. ("Seymour Dec."), ¶ 3.  Plaintiff also refused to provide information about his

12   health history, save for complaints about his head and back.  He would not answer when asked

13   what medication his physician is prescribing for him.  He also refused to discuss his psychiatric

14   history, including medication information, as well as his personal information.  Moreover, his

15   "response style" during the personality inventory test prevented the results from being

16   interpretable.  Plaintiff also made a comment about not showing up for his IME with Dr. Miller

17   and that this cost "$900."  Seymour Dec., ¶¶ 4-9.  Dr. Seymour was unable to formally assess

18   Plaintiff's memory due to his lack of cooperation.  Seymour Dec., ¶ 10.

19   At the hearing, Plaintiff continued to dispute the relevancy of his SSA records.  This issue

20   has previously been decided, however, and the Court reminded Plaintiff that information relating

21   to his medical history is relevant to the instant action.  Plaintiff is therefore ORDERED to sign

22   the SSA authorization within ten (10) days of the date of service of this order.

23   Plaintiff is further ORDERED TO APPEAR for an IME with Dr. Miller on January 14,

24   2008, at 2:15 p.m.  Defendants SHALL advance Plaintiff cab fare for transportation.  The

25   discovery deadline is extended to January 14, 2008, for purposes of conducting this IME.

26   PLAINTIFF IS WARNED THAT IF HE CONTINUES TO REFUSE TO COMPLY

27   WITH DISCOVERY AND THIS COURT'S ORDERS, THE COURT WILL RECOMMEND

28   THAT THIS CASE BE DISMISSED.

1         Defendants' request for sanctions in the amount of $940, which represents the amount

2  Defendants advanced for the prior IME, is GRANTED.  This amount will be added to

3  Defendants' costs if they prevail in this matter, or will be subtracted from Plaintiff's award

4  should he prevail.

5         Defendants' remaining requests for sanctions are DENIED.

6         Defendants' request to extend the dispositive motion filing deadline, which was

7  previously set for October 1, 2007, is DENIED.  Defendants have failed to establish good cause

8  for the extension.  The Court further notes that Defendants' request to extend the deadline was

9  included in their supplemental briefing, filed on October 5, 2007, *after* the dispositive motion

10  filing deadline had passed.

11

12    IT IS SO ORDERED.

13  **Dated:**   **November 5, 2007**            /s/ **Dennis L. Beck**

                                       UNITED STATES MAGISTRATE JUDGE