IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHIEF OF POLICE DYER, et. al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 05-0277 LJO DLB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br>(Doc. 65.) |

**INTRODUCTION**

In this 42 U.S.C. § 1983 action alleging excessive force, pro se plaintiff Joseph Puckett ("Mr. Puckett") belatedly seeks what this Court construes as reconsideration of the magistrate judge's protective order addressing Mr. Puckett's Social Security and medical records and information. For the reasons discussed below, this Court DENIES Mr. Puckett reconsideration of the protective order and other related relief.[1]

**BACKGROUND**

United States Magistrate Judge Dennis L. Beck ("Judge Beck") issued his September 4, 2007

---

[1] This Court's Local Rule 72-303 addresses reconsideration of magistrate judge rulings, and its subjection (e) provides that Local Rule 78-230's notice and briefing schedules have "no application to requests for reconsideration." Subsection (e) further provides that "[no oral argument shall be allowed in the usual civil action." Local Rule 72-303(d) requires opposition papers within five court days. Mr. Puckett's motion is ready to decide with passing of the opposition deadline.

1

protective order ("protective order") to address use and disclosure of Mr. Puckett's Social Security and medical records and information. Defense counsel had submitted for Judge Beck's consideration the protective order, which designates Mr. Puckett's Social Security and medical records and information as confidential and which institutes procedures to maintain confidentiality of the records and information.

On October 30, 2007, Mr. Puckett filed his motion for relief from judgment, which this Court construes to seek reconsideration of the protective order.

## DISCUSSION

### Untimely Reconsideration Attempt

This Court's Local Rule 72-303(b) addresses the timing to seek reconsideration:

> Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties . . ."

The protective order was served on Mr. Puckett on September 4, 2007. Mr. Puckett delayed to file his reconsideration papers until October 30, 2007, well after the 10-day limit. As such, his reconsideration request is time barred.

### Merits

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 78-230(k) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*,

951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at \*2 (C.D. Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

Mr. Puckett makes no attempt to demonstrate error with the typical, practical protective order which properly balances defendants' legitimate discovery needs and confidentiality of Mr. Puckett's sensitive information. Mr. Puckett's privacy comments are no more than unsubstantiated platitudes. Judge Beck limited use of disclosed information to this action's purposes and instituted safeguards to effectuate a workable, reasonable protective order. The protective order is neither clearly erroneous nor contrary to law.

## CONCLUSION AND ORDER

For the reasons discussed above, Mr. Puckett fails to substantiate his burden for reconsideration of the protective order, and this Court DENIES Mr. Puckett's belated request for reconsideration.

IT IS SO ORDERED.

**Dated:   November 19, 2007**            /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE