# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT, | CASE NO. CV F 05-0277 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS FOR DISOBEDIENCE OF ORDERS** (Doc. 82.) |
| vs. | |
| CHIEF OF POLICE DYER, et. al., | |
| Defendants. | |

## INTRODUCTION

Defendants Fresno Police Department Chief Jerry Dyer ("Chief Dyer") and Officer Paul Van Dalen ("Officer Van Dalen") seek to dismiss pro se plaintiff Joseph Puckett's ("Mr. Puckett's") 42 U.S.C. § 1983 excessive force and related action on grounds that Mr. Puckett continues to disobey orders to appear at an independent medical examination ("IME") and to sign releases for his Social Security Administration ("SSA") records. Mr. Puckett filed papers which this Court construes as an untimely attempt to oppose dismissal of this action.[1] This Court considered Chief Dyer and Officer Van Dalen's (collectively "defendants'") motion to dismiss on the record and VACATES the February 20, 2008 hearing, pursuant to Local Rule 78-230(c) and (h). For the reasons discussed below, this Court DISMISSES this action based on Mr. Puckett's continuing disobedience of orders.

---

[1] On February 12, 2008, Mr. Puckett filed and served rambling, incoherent papers which include unsubstantiated statements, such as, dismissal "would be clearly a racist move" and "Plaintiff and other America City's [sic] has [sic] to seek redress from the forces that be, evil, and as the bible says, quote, we are dealing with evil people who sit in high places." Mr. Puckett's opposition papers were due no later than February 6, 2008. Although Mr. Puckett's papers suggest that "defendant has my signature for the release of my S.S.A. records," there is no such proof.

# BACKGROUND

## Mr. Puckett's Claims

Mr. Puckett alleges that Officer Van Dalen used excessive force during Mr. Puckett's July 2004 arrest. Mr. Puckett further alleges that Officer Van Dalen made racial comments, told Mr. Puckett that he would shoot Mr. Puckett, handcuffed Mr. Puckett, and kicked Mr. Puckett in the head and shoulder. Mr. Puckett alleges that Chief Dyer was deliberately indifferent to Mr. Puckett's injuries as a result of unlawful policies, practices and customs of the Fresno Police Department. Mr. Puckett seeks special, general and punitive damages.

## IME

After Mr. Puckett failed to agree to submit to an IME, defendants filed a July 9, 2007 motion to require Mr. Puckett's F.R.Civ.P. 35 IME. United States Magistrate Judge Dennis L. Beck's ("Judge Beck's") August 14, 2007 order required Mr. Puckett to appear for a September 6, 2007 IME with Kurt V. Miller, M.D. ("Dr. Miller") and to submit all required pre-appointment paperwork to Dr. Miller.

## SSA Records Release

Defendants filed a motion to compel Mr. Puckett to sign releases for his SSA records. Mr. Puckett failed to appear at the August 24, 2007 hearing, and Judge Beck issued his August 27, 2007 order to require Mr. Puckett, within 10 days, to sign and return to defense counsel a release for SSA medical records and to limit disclosure of the records to defense counsel and experts. Judge Beck issued a further September 4, 2007 protective order to limit disclosure of the records.

## Sanctions Motion

After Mr. Puckett failed to appear for his September 6, 2007 IME and to produce a signed release for his SSA records, defendants filed a September 27, 2007 motion for sanctions against Mr. Puckett. Mr. Puckett failed to oppose timely the sanctions motion. After a hearing at which Mr. Puckett attended, Judge Beck issued his November 5, 2007 order to:

1. Require Mr. Puckett, within 10 days, to sign an SSA records release;
2. Appear at a January 14, 2008 IME before Dr. Miller;
3. Warn Mr. Puckett "THAT IF HE CONTINUES TO REFUSE TO COMPLY WITH DISCOVERY AND THIS COURT'S ORDERS, THE COURT WILL RECOMMEND

1         THAT THIS CASE BE DISMISSED" (uppercase in original); and

2     4.     Award defendants a $940 sanction for an IME advancement.

3     This Court's November 21, 2007 order denied Mr. Puckett reconsideration of the September 4, 2007 protective order to limit disclosure of Mr. Puckett's SSA records.

5     Defendants seek dismissal of this action based on Mr. Puckett's disobedience of Judge Beck's orders to submit to an IME before Dr. Miller and to sign and return an SSA records release.

### DISCUSSION

### Discovery Sanctions

Under F.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may issue further and just orders," including to :

    1.     Direct as established matters embraced in the order or other designated facts;

    2.     Prohibit the disobedient party to support or oppose designated claims or defenses;

    3.     Prohibit the disobedient party from introducing designated matters in evidence;

    4.     Strike pleadings in whole or part;

    5.     Stay further proceedings until an order is obeyed;

    6.     Dismiss an action or proceeding in whole or part;

    7.     Render a default judgment against the disobedient party; or

    8.     Treat as contempt of court the failure to obey an order (except an order to submit to a mental or physical examination).

F.R.Civ.P. 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

Although the central factor to a F.R.Civ.P. 37(b)(2) sanction is "justice," *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999), the sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102

3

S.Ct. 2099 (1982). The Ninth Circuit Court of Appeals has explained the need for F.R.Civ.P. 37(b)(2) sanctions:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties*, 577 F.2d at 647. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad*, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. *Valley Engineers*, 158 F.3d at 1056.

In *National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778, the United States Supreme Court explained the rationale for severe F.R.Civ.P. 37(b)(2) sanctions:

> . . . as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.

Nonetheless, sanctions which interfere with "a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591.

Dismissal and default judgment are authorized only in "extreme circumstances." *See Fjelstad*, 762 F.2d at 1338. "So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988). Terminating sanctions are appropriate where a "pattern of deception and discovery abuse

4

made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995). To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Valley Engineers*, 158 F.3d at 1057; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry,* 983 F.2d at 948; *Kahaluu Constr.*, 857 F.2d at 603; *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers,* 158 F.3d at 1057 (quoting *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Prejudice arises when the ability to go to trial of the party seeking F.R.Civ.P. 37(b)(2) sanctions is impaired. *Adriana International*, 913 F.2d at 1412. "Failure to produce documents as ordered, however, is considered sufficient prejudice. . . . [C]ontinuing refusal to comply with court-ordered production of documents constitutes interference with the rightful decision of the case." *Adriana International*, 913 F.2d at 1412. However, delay alone does not warrant a terminating sanction. *See Kahaluu Constr.*, 857 F.2d at 604; *Mir v. Fosburg*, 706 F.2d 916, 919, n. 2 (9th Cir. 1983).

A three-part analysis determines whether a court "properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" *Adriana International*, 913 F.2d at 1412-1413. "But despite all this elaboration of factors, we have said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Engineers*, 158 F.3d at 1057.

1    With these standards in mind, this Court turns to defendants' requested dismissal based on Mr.
2 Puckett's disobedience to submit to an IME and to sign an SSA records release.

3    The import of defendants' dismissal request is that Mr. Puckett will never submit to the IME or
4 sign the SSA records release. Defendants complain that Mr. Puckett's disobedience has delayed
5 completion of this action and compelled defendants to file motions to result in defendants' prejudice,
6 inconvenience, unnecessary expense, and inability to defend Mr. Puckett's vague claims.

7    Defendants are correct. Mr. Puckett has flaunted Judge Beck's repeated orders of basic discovery
8 to address Mr. Puckett's claims. The result is a halt of this action's resolution and blatant disregard of
9 Judge Beck's authority to prevent defendants to defend Mr. Puckett's claims and to prepare for trial.
10 Mr. Puckett fails to oppose dismissal meaningfully and makes no attempt to demonstrate that
11 compliance with Judge Beck's orders is beyond his control. Mr. Puckett acts in bad faith and is intent
12 to continue to disobey Judge Beck's orders and to thwart defendants' legitimate discovery. Mr. Puckett
13 fails to substantiate continuing delay, and his disobedience interferes with the rightful decision of this
14 action.

15    The public policy factors enumerated above justify dismissal. Mr. Puckett's disobedience
16 continues to plague this Court and defendants and resolution of this action on the merits with unjustified
17 delay. Mr. Puckett's obstruction has diverted Judge Beck and this Court's attention from other matters,
18 thwarted management of this Court's docket, and unnecessarily added to the heavy caseload burdens of
19 Judge Beck and this Court. Defendants' prejudice continues with their inability to conduct discovery
20 to address Mr. Puckett's claims and alleged damages. Even if Mr. Puckett provided defendants his
21 signed release for SSA records (an unestablished fact), such belated act does not unwind prejudice,
22 including unwarranted delay, suffered by defendants. Mr. Puckett has ignored Judge Beck's
23 admonishment "THAT IF HE CONTINUES TO REFUSE TO COMPLY WITH DISCOVERY AND
24 THIS COURT'S ORDERS, THE COURT WILL RECOMMEND THAT THIS CASE BE
25 DISMISSED." (Uppercase in original.) Such admonishment mitigates the policy of disposition of cases
26 on their merits. In light of Mr. Puckett's repeated and willful failure to cooperate in basic discovery, less
27 drastic sanctions would serve no purpose other than to promote delay and defendants' prejudice. As
28 noted by defendants, Judge Beck "has already exercised considerable patience with plaintiff and has

already imposed less drastic sanctions without success." Mr. Puckett has controlled whether he will submit to an IME and provide an SSA records release. He has chosen not to cooperate in these simple tasks and in turn in defendants' legitimate discovery. Mr. Puckett must face the consequences, especially given his continuing defiance.

### **F.R.Civ.P. 41(b) Dismissal**

Alternatively, defendants seek dismissal under F.R.Civ.P. 41(b) which provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or of any claim against it. . . .

A district court has inherent power to control its docket and may impose sanctions, including when appropriate, default or dismissal. *Thompson*, 782 F.2d at 831. Dismissal is appropriate for failure to comply with pretrial procedures mandated by local rules and court orders. *Thompson*, 782 F.2d at 831. In addressing dismissal, a district court needs to weigh factors addressed above, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Thompson*, 782 F.2d at 831. A district judge should consider less drastic alternatives to a F.R.Civ.P. 41(b) dismissal but "need not exhaust them all before finally dismissing a case." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971)).

F.R.Civ.P. 41(b) further bolsters dismissal of Mr. Puckett's action given his disobedience of Judge Beck's orders and failure to cooperate in discovery and in turn, to reach resolution of this action.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action with prejudice for Mr. Puckett's failure to comply with Judge Beck's orders; and
2. DIRECTS this Court's clerk to close this action and to enter judgment in favor of

/ / /

/ / /

/ / /

1  defendants Fresno Police Chief Jerry Dyer and Officer Paul Van Dalen and against
2  plaintiff Joseph Puckett.
3  IT IS SO ORDERED.
4  **Dated:   February 13, 2008**               /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE