**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>          Plaintiff,<br><br>    vs.<br><br>CHIEF OF POLICE DYER,<br>et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV F 05-0277 LJO DLB<br><br>**ORDER ON PLAINTIFF'S RECONSIDERATION MOTION**<br>(Doc. 93.) |

    Plaintiff Joseph Puckett ("Mr. Puckett") seeks reconsideration of dismissal of this claims based on his disobedience of orders to appear at an independent medical examination ("IME") and to sign a release for Social Security Administration ("SSA") records. This Court DENIES reconsideration in absence of this Court's clear error.

    Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th

Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).  Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).  Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

In his reconsideration papers, Mr. Puckett wishes "to apologize for words used" and appears to excuse is disobedience of discovery orders by claiming that he ultimately submitted to an IME and signed an SSA records release.  Mr. Puckett ignores that he failed comply with deadlines to do so and unreasonably delayed to prejudice defendants.  The key is not that Mr. Puckett submitted to an IME and signed an SSA records release.  The key is that he delayed so long after court ordered deadlines to prevent defendants to address and defend Mr. Puckett's claims meaningfully.  As such, Mr. Puckett has not satisfied a necessary requirements for reconsideration, in this case, this Court's clear error.

IT IS SO ORDERED.

**Dated:   February 28, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE